UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MICHAEL MILES, Individually, :
: Case No. 1:14-cv-14393
        Plaintiff, :
v. :
:
MERCY PROPERTIES, LLC, a Michigan :
Limited Liability Company, :
:
        Defendant. :
_____/ :
:
:

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, MICHAEL MILES, Individually, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, MERCY PROPERTIES, LLC a Michigan Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

## PARTIES

1. Plaintiff, MICHAEL MILES, is an individual residing in FINDLAY, OH, in the County of HANCOCK.

2. Defendant's property, ALPINE LODGE is located at 833 W. Main Street, Gaylord, MI in OTSEGO County.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331. Count II utilizes the same core of operative fact, and is therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue is properly located in the Eastern District of Michigan because venue lies in the

        judicial district of the property situs.  The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6. Plaintiff, MICHAEL MILES is an Ohio resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Michael Miles is paraplegic and uses a wheelchair for mobility.  MICHAEL MILES visits Gaylord and the surrounding area, including the Ostego and Montmorency Counties, Michigan, for golf trips and family vacations several times annually and has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property.  The Plaintiff has encountered architectural barriers at the subject property.  The barriers to access at the property have endangered his safety.  Michael Miles has been a hotel guest at this property on September 29, 2013, as well as on July 15-16, 2014. Michael Miles is an avid golfer and has firm plans to return to Gaylord to golf nearby and stay as a hotel guest. Michael Miles also has a golf trip to the Gaylord area in July 2015, one of his many trips to the area, but has not determined where he will make hotel accommodations but would like to stay at the Defendant's property but for the extensive barriers to handicap access.

7. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in

public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits as a customer, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity as a customer and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known ALPINE LODGE is located at 833 W. Main Street, Gaylord, MI, 49735.

9. MICHAEL MILES has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be

subjected to discrimination in violation of the ADA by the Defendant. MICHAEL MILES desires to visit ALPINE LODGE not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of ALPINE LODGE has shown that violations exist. These violations include, but are not limited to:

Access to Goods and Services

    A. Registration Counter in excess of 36 inches in violation of the ADA whose remedy is readily achievable.

    B. Swimming pool lacks required adaptive pool lift in violation of the ADA whose remedy is readily achievable.

    C. Hot Tub lacks adaptive elements in violation of the ADA whose remedy is readily achievable.

    D. Pool Shower does not have detachable shower head, hose or accessible shower controls in violation of the ADA whose remedy is readily achievable.

    E. Latch to enter pool requires tight clasping gripping or twisting in violation of the ADA whose remedy is readily achievable.

Parking

    F. Insufficient number of designated accessible parking spaces in violation of

       the ADA whose remedy is readily achievable.

- G. Cracks and changes of level in excess of 1/2 inch in the access aisles in violation of the ADA whose remedy is readily achievable.

- H. Access aisle have excess slope and cross slopes in violation of the ADA whose remedy is readily achievable.

Lobby restroom

- I. Insufficient clear floor space in accessible toilet compartment in violation of the ADA whose remedy is readily achievable.

- J. Grab bar configuration is improper due to lack of rear grab bars in violation of the ADA whose remedy is readily achievable.

- K. Coat hook mounted in excess of allowable range in violation of the ADA whose remedy is readily achievable.

- L. Insufficient latch side clearance to exit men's room in violation of the ADA whose remedy is readily achievable.

Accessible Routes

- M. Hotel loading zone lacks marked accessible routes and sufficient width in violation of the ADA whose remedy is readily achievable.

- N. Hallway doors on the accessible routes require force in excess of 5 pounds to open in violation of the ADA whose remedy is readily achievable.

- O. Insufficient latch side clearance to enter pool dry sauna in violation of the ADA whose remedy is readily achievable.

- P. No accessible route to hotel fitness room due to stairs with no elevator and the exercise room is located on second floor in violation of the ADA whose remedy is readily achievable.

- Q. Ramps have cracks in changes in level in excess of 1/2 inch in violation of the ADA whose remedy is readily achievable.

Swimming pool restroom

- R. No grabs bars in men's or women's swimming pool restrooms in violation of the ADA whose remedy is readily achievable.

- S. Flush control of toilet unit not mounted on open side of toilet in violation

of the ADA whose remedy is readily achievable.

Guestroom

T.  No or insufficient latch side clearance to exit guestroom in violation of the ADA whose remedy is readily achievable.

U.  Guestroom door weight exceeds 5 lbs of force to push open in violation of the ADA whose remedy is readily achievable.

V.  Door latch/ lock mechanism exceeds allowable height range in violation of the ADA whose remedy is readily achievable.

W.  Guest room bathroom toilet grab bar configuration, height and lengths do not comply with ADAAG regulations in violation of the ADA whose remedy is readily achievable.

X.  Guestroom bathroom towel racks are mounted in excess of allowable reach range in violation of the ADA whose remedy is readily achievable.

Y.  Tub grab bars are missing or non-compliant in violation of the ADA whose remedy is readily achievable.

Z.  Shower unit head is mounted in excess of allowable reach range and does not have on/off controls in violation of the ADA whose remedy is readily achievable.

AA. Tub faucet controls are not located per ADAAG regulations in violation of the ADA whose remedy is readily achievable Door swing impedes clear floor space to lavatory in violation of the ADA whose remedy is readily achievable.

BB. There are no designated accessible guestrooms with roll-in shower whereas at least two are required.

CC. There are an insufficient number of designated accessible guestrooms.

DD. Toilet bowl height does not comply with ADAAG regulations in violation of the ADA whose remedy is readily achievable.

EE. Toilet paper dispenser in not mounted in compliance with ADAAG regulations whose remedy is readily achievable.

Policies and Procedure

FF. The operator lacks or has inadequate defined policies and procedures for the assistance of disabled patrons.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff, has been denied access to, and has been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

<u>**COUNT I**</u>
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

13. Plaintiff restates the allegations of ¶¶1-12 as if fully rewritten here.

14. ALPINE LODGE, and the businesses therein, are public accommodations and service establishments, and as such must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

15. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property and the businesses therein on the basis of his disability, due to Defendant's property failing to be in compliance with Title III of the Americans with Disabilities Act and its accompanying regulations. as prohibited by 42 U.S.C. § 12182, *et seq.,* and will continue to discriminate against Plaintiff and others

with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

16. Plaintiff, and others similarly-situated, are without adequate remedy at law and are suffering irreparable harm, and reasonably anticipate that they will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

17. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorneys fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 et seq.

18. Plaintiff restates the allegations of ¶¶1-17 as if fully rewritten here.

19  ALPINE LODGE, and the businesses therein, are "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

20. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges.

21.  Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow

full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

for Count I, an injunction requiring Defendant to make all readily achievable alterations to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

for Count II, compensatory and punitive damages, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

\s\ Owen B Dunn Jr. - dated: November 15, 2014
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen B. Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
 (419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net